UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER A. HENRY,

Plaintiff,

v.

NURSE JUANELIA SIMPSON

Defendant.

---

**MEMORANDUM AND ORDER**

25-cv-4365 (LDH) (JRC)

LASHANN DEARCY HALL, United States District Judge:

Christopher A. Henry ("Plaintiff"), proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against Nurse Juanelia Simpson ("Defendant") asserting a claim for violation of his Fourth Amendment rights.  Plaintiff's request to proceed in forma pauperis ("IFP") is granted.

### STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

1

Moreover, where, as here, the plaintiff is proceeding pro se, his or her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Here, Plaintiff alleges that he was admitted to a psychiatric ward in February 2025. (Compl. at 3.)

According to the Complaint, on or about July 21, 2025, "nurse" Juanelia Simpson violated his Fourth Amendment rights when she seized his bag, placed it in storage, and did not give it back to him until one day later. (*Id.* at 4.) Plaintiff does not allege any other facts related to the seizure of his property. And, notwithstanding the Court's liberal interpretation of the Complaint, without more, the Court is unable to discern how Plaintiff's constitutional rights were violated. Indeed, without more information about the one-day seizure of Plaintiff's belongings and the policies of the psychiatric ward in which he is admitted, it is impossible for the Court to assess whether the seizure was reasonable or unreasonable. *Tasfay v. Ramos*, No. 20-CV-5472 (AJN), 2022 WL 445794 (S.D.N.Y. Feb. 14, 2022) (dismissing the plaintiff's Fourth Amendment claim because the plaintiff did "not allege sufficient facts to allow 'the court to draw the reasonable inference' that the seizure was unreasonable" (quoting *Iqbal*, 556 U.S. at 678)). Plaintiff's complaint is dismissed.

## CONCLUSION

The Complaint filed IFP is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     May 5, 2026

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge